IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITEFORD, TAYLOR & PRESTON, L.L.P., <br><br> Plaintiff, <br><br> vs. <br><br> ALBERT'S CAPITAL SERVICES, LLC, <br><br> Defendant, | 2:25-CV-00588-CCW |

**OPINION**

Before the Court is Plaintiff's Motion to Remand to State Court, ECF No. 15. For the reasons that follow, the Court will grant Plaintiff's Motion.

I.   **Background**

In April 2016, non-party H&P, Inc., f/k/a Heyl & Patterson, Inc. ("Debtor" or "H&P") filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Western District of Pennsylvania. *In re the Liquidating Estate of H&P, Inc., f/k/a Heyl & Patterson, Inc.*, No. 16-21620 (Bankr. W.D. Pa. 2016). After Debtor and the committee of unsecured creditors filed their Chapter 11 Plan of Liquidation ("the Plan"), the bankruptcy court confirmed the Plan, and it became effective on September 13, 2017. That same day, Defendant Albert's Capital Services, LLC ("ACS") became the Plan Administrator for the post-bankruptcy liquidating trust established by the Plan. At that time,[1] ACS hired Plaintiff Whiteford, Taylor & Preston, L.L.P. ("Whiteford"),

---

[1] The engagement letter is dated September 12, 2017 on page one, but dated September 18, 2017 on each subsequent page. Counsel for Whiteford represented in bankruptcy court that the correct date of the agreement is on or after September 18, 2017. ECF No. 16-18, at 16:2–9.

a law firm, to represent ACS[2] "in matters relating to assisting in the administration of the chapter 11 plan confirmed in The Liquidating Estate of H&P, Inc., f/k/a Heyl & Patterson, Inc., Case No. 16-21620." ECF No. 21-1 ¶ 1.

Whiteford represented ACS from September 2017 until July 2024, when the Whiteford attorneys who had represented ACS left Whiteford and joined a new law firm. ACS then retained the new law firm so it could have continuity of counsel. Also in July 2024, Whiteford sent ACS a bill for unpaid legal fees totaling $592,247.71, which included amounts that had been contained in prior invoices. ECF No. 21-2. A flurry of activity ensued in the bankruptcy court in the next several months, culminating in ACS and its new law firm moving to close the bankruptcy case, and the bankruptcy court closing the case on September 30, 2024. Whiteford now contends that ACS and its counsel hid from the bankruptcy court the dispute over the unpaid attorney's fees.

On March 12, 2025, Whiteford filed a complaint in the Allegheny County Court of Common Pleas against ACS, ECF No. 1-1, asserting two Pennsylvania state-law claims, one for breach of contract and a second for negligent breach of contract. The thrust of the suit is that ACS did not pay Whiteford for amounts due under the engagement agreement between them, for services Whiteford provided between 2017 and 2024 in connection with ACS's administration of liquidating trust in the bankruptcy case. After ACS filed the state court case, a second flurry of activity occurred in bankruptcy court. ACS moved to reopen the bankruptcy case, which Whiteford opposed, but ultimately the bankruptcy court reopened the bankruptcy case on April 25, 2025 following a hearing with the parties. ECF No. 16-19.

---

[2] The parties in this case dispute whether ACS retained Whiteford in ACS's official capacity as Plan Administrator, or in its individual capacity.

Days later, on April 30, 2025, ACS timely removed the state court case to this Court, pursuant to 28 U.S.C. § 1446(b)(1). The notice of removal asserts that this federal District Court has original jurisdiction because the action either arises in, or is related to, the bankruptcy case, 28 U.S.C. § 1334(b), and that removal is proper under 28 U.S.C. § 1452(a), which allows removal of claims over which the district courts have jurisdiction under § 1334. ECF No. 1 at 3–5.

Whiteford moved to remand the case to state court on May 9, 2025. ECF No. 15. On May 22, 2025, ACS moved to refer the case back to bankruptcy court. ECF No. 19. The parties' Motions are fully briefed and ripe for resolution. ECF Nos. 15–16, 19–23.

## II.    Analysis

The parties raise various issues, including whether removal of this case is or is not proper as a proceeding "arising in or related to" the bankruptcy case under 28 U.S.C. § 1334(b), whether the District Court must or can abstain from hearing the case even if removal was proper, and whether the case must be referred from the District Court to the bankruptcy court. For the reasons set forth below, the Court concludes that this action is not sufficiently "related to" the underlying bankruptcy proceeding to confer subject-matter jurisdiction. Because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b), removal of this case from the Court of Common Pleas was not proper. Therefore, the Court must remand the case to the Court of Common Pleas for Allegheny County. Accordingly, it is not necessary for the Court to reach the issues of abstention or reference to the bankruptcy court.

Removal of proceedings relating to bankruptcy cases is governed by 28 U.S.C. § 1452(a), which permits a party to remove to United States District Court "any claim or cause of action in a civil action" if that district court "has jurisdiction of such claim or cause of action under section 1334 of this title." Pursuant to 28 U.S.C. § 1334(b), a district court has "original but not exclusive

3

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the bankruptcy code.

The Court begins with the question of whether this case is "related to" a chapter 11 bankruptcy case, because that is the lowest hurdle for establishing subject matter jurisdiction in this case. A proceeding is "related to" a title 11 bankruptcy case if "the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Lichtenfels v. Electro-Motive Diesel, Inc.*, 2010 WL 653859, at *2 (W.D. Pa. 2010) (Fischer, J.) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124–25 (1995)). The proceeding does not have to involve the debtor in the bankruptcy to make it related to the bankruptcy. *Halper v. Halper*, 164 F.3d 830, 837 (3d Cir. 1999). And "[c]ertainty, or even likelihood, is not a requirement." *Id.* at 837. A civil proceeding is "related to" a bankruptcy case for purposes of establishing jurisdiction so long as "it is possible that a proceeding may impact the debtor's rights, liabilities, options, or freedom of action, *or the handling and administration of the bankrupt estate*." *Lichtenfels*, 2010 WL 65389, at *3 (quoting *Harper*, 164 F.3d at 837); see *In re Resorts Int'l, Inc.*, 372 F.3d 154, 156–57, 169–171 (3d Cir. 2004) (affirming a bankruptcy court's holding that claims of alleged malpractice against an accounting firm brought by a litigation trust established under debtors' Chapter 11 plan did not "relate[] to" the bankruptcy proceedings); *see also In re W.R. Grace & Co.*, 591 F.3d 164 (3d Cir. 2009) (finding no "related to" jurisdiction where a civil action "would affect the bankruptcy proceeding only through the intervention of yet another lawsuit"); *see also Hirschfield v. B'nai B'rith Int'l*, 2010 WL 11565250, at *8–10 (W.D. Pa. Aug. 10, 2010) (Cercone, J.) (holding that state-law claims against non-debtors lacked "related to" jurisdiction because the outcome of the claims would not affect the bankruptcy estate). However, "[i]t is settled that the

4

removal statutes are to be strictly construed against removal." *Steel Valley Authority v. Union Switch and Signal Div., et al.*, 809 F.2d 1006, 1010 (3d Cir. 1987*)*; *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) ("Federal courts are presumed not to have jurisdiction without affirmative evidence of this fact.").

In its brief in support of remand, Whiteford argues that this case against ACS is not related to the H&P bankruptcy case, because it is not brought against the Debtor and the Debtor's estate was fully administered before this case was filed, such that this case "does not, and will not, impact the Debtor, its bankruptcy estate or the creditors of the estate[.]" ECF No. 16 at 10. In its opposition to remand, ACS does not address whether the Court has "related to" jurisdiction at all.[3] ECF No. 21. In reply, Whiteford notes ACS's "fail[ure] to muster any response[,]" on this issue. ECF No. 23 ¶ 1. Previously, appearing before the bankruptcy court, ACS appears to have acknowledged that this case is not related to the bankruptcy case. During an April 24, 2025 hearing in bankruptcy court, counsel for Whiteford stated that "[n]o creditor, no party interested in the bankruptcy case that was closed at Albert's Capital's request . . . no party will be impacted, and that's why [the attorneys' fees dispute with ACS] should proceed in the Court of Common Pleas [as opposed to federal court]." ECF No. 16-18 at 23:20-23. The Bankruptcy Judge then asked counsel for ACS "if you succeed in State Court, what does this Estate get? . . . Yes, the Bankruptcy Estate. How does it benefit? A: Your Honor, there is no additional bonus for the Creditors that comes from this. . . . I concede that." ECF No. 16-18, 24:14-22.

---

[3] In its notice of removal, ACS summarily asserts that "related to" jurisdiction exists because "[t]he claims asserted by Plaintiff have a direct impact on the bankruptcy estate because they involve property of the estate, claims against the debtor, claims against a court appointed Plan Administrator, or matters that could alter the administration or distribution of estate assets." ECF No. 1 ¶ 20. ACS cites no legal or factual support for this broad assertion in the notice of removal.

The Court agrees with Whiteford that this case is not "related to" the bankruptcy case and therefore the Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b). The outcome of Whiteford's current state-law claims against ACS, which relate to the attorney fee dispute, will not possibly impact the Debtor, or the handling or administration of the bankruptcy estate, which was fully administered before this case was filed. And ACS has not provided any substantive argument to the contrary. Consequently, the Court does not have subject matter jurisdiction under the "related to" prong of 28 U.S.C. § 1334(b).

Having failed to meet the standard for "related to" jurisdiction, this case also does not "arise in" a bankruptcy case. "[C]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *In re Seven Fields Development Corp.*, 505 F.3d 237, 260 (3d Cir. 2007) (citing *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006); *see also Halper*, 164 F.3d at 836. ACS does not address "arising in" jurisdiction at all in opposing remand. Here, Whiteford filed a two-count Complaint alleging breach of contract and negligent breach of contract under Pennsylvania law. The facts of this case happen to be connected to a bankruptcy, specifically to attorneys' fees ACS owed to Whiteford for representing ACS in administering a post-bankruptcy liquidating trust. However, these state-law claims "need not arise in the context of a bankruptcy case by their nature." *Riverhounds Lender, LLC v. Pittsburgh Urb. Initiatives Sub-CDE 3, LP*, 2015 WL 1566192, at *2 (W.D. Pa. Apr. 8, 2015) (Bissoon, J.). Therefore, the Court agrees with Whiteford that this case does not "arise in" a bankruptcy case.

Because the Court lacks jurisdiction under § 1334(b), which was the only basis for removal to this Court, remand is required.

6

Having determined that remand is required, the Court must nevertheless address one final issue, specifically Whiteford's request for costs and attorney fees. Section 1447(c) gives a district court discretion to award attorney fees and costs related to unsuccessful removal. The Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, although ACS's arguments in favor of removal ultimately were not persuasive to the Court, ACS did have an objectively reasonable basis for seeking removal, and this Court was required to analyze whether the removed case "related to" or "arises in" a chapter 11 proceeding. Thus, the Court declines to award attorney fees.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand will be **GRANTED**.

DATED this 1st day of December, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record